**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Nelson, | )  No. CIV-10-378-TUC-DCB (GEE) |
| Petitioner, | ) |
| | )  **REPORT AND** |
| vs. | )  **RECOMMENDATION** |
| | ) |
| State of Arizona; et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

Pending before the court is a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Mitchell Nelson, an inmate confined at the Arizona State Prison Complex in Kingman, Arizona.  (Doc. 8)  Nelson claims (1) he was convicted of a crime that he did not commit;  (2) the prosecutor elicited perjured testimony;  (3) the trial judge exhibited prejudice throughout the proceedings;  (4)  evidence was destroyed two years before his case was finalized; (5) his parole officer filed a false probation report; and (6) the judge read a prejudicial letter at sentencing.  *Id*.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus.  Claim (4) is not cognizable in habeas corpus.  The remaining claims are procedurally defaulted.

1        Summary of the Case

2        Nelson was convicted after a jury trial of aggravated assault and negligent child abuse.

3    (Respondents' answer, p. 3.)  On May 30, 2006, the trial court sentenced Nelson to terms of

4    imprisonment of seven and one-half years and one year respectively.  (Respondents' answer,

5    Exhibits C, F.)

6        At the trial, the state presented evidence that Nelson had a fight with his live-in girlfriend

7    and, at one point, "racked" and pointed a shotgun at her while his minor son was present.

8    (Respondents' answer, pp. 2-3.)

9        After the trial and sentencing, Nelson filed a timely notice of appeal.  *Id.*, p. 3.  He

10   argued "the trial court erred by admitting evidence of (1) [his] prior abusive behavior against

11   [his girlfriend]; (2) certain guns found at the residence; and (3) evidence that the state had been

12   unable to locate [his] minor son, who had witnessed the incident."  *Id.*, Exhibit A, p. 2.  The

13   court of appeals affirmed on July 3, 2008.  (Respondents' answer, p. 3.)  The Arizona Supreme

14   Court denied review on December 5, 2008.  *Id.*

15       On May 9, 2009, Nelson filed a petition for post-conviction relief pursuant to Ariz. R.

16   Crim. P. 32.  (Respondents' answer, Exhibit C.)  He claimed his trial attorney had been

17   ineffective for failing to properly object to the introduction of prior bad act evidence.  *Id.*  The

18   trial court denied the petition on July 1, 2009.  *Id*, Exhibit D.  The court of appeals granted

19   review but denied relief on January 14, 2010.  *Id.*, Exhibit F.  The court of appeals noted that

20   Nelson failed in his petition to raise the issue of ineffective assistance.  *Id.*  Instead, he argued

21   the trial court erred in admitting the prior bad act evidence.  *Id.*  The court of appeals found this

22   particular issue had already been raised and rejected in his direct appeal.  *Id.*

23       On June 21, 2010, Nelson filed in this court a petition for writ of habeas corpus pursuant

24   to 28 U.S.C. § 2254.  (Doc. 1) With the court's permission he filed an amended petition on

25   September 3, 2010 (Doc. 6) and a second amended petition on October 25, 2010.  (Doc. 8)

26       He claims (1) his Fifth and Fourteenth Amendment rights were violated when he was

27   convicted of a crime that he did not commit; (2) "[t]he prosecutor elicited perjured testimony,"

28   in violation of his Fifth and Fourteenth Amendment rights;  (3) "[t]he trial judge exhibited

- 2 -

1  prejudice" by (A) forcing Nelson and his son to move to Tucson, (B) raising his bail, (C)

2  "allow[ing] evidence he ordered disallowed due to motions," and (D) refusing to drop the

3  charges, in violation of the Fifth and Fourteenth Amendments; (4) his Fifth and Fourteenth

4  Amendment rights were violated when evidence was destroyed after the trial; (5) his Fifth and

5  Fourteenth Amendment rights were violated when "the parole officer filed a false probation

6  report"; and (6) his Fifth and Fourteenth Amendment rights were violated when the judge read

7  a prejudicial letter at sentencing. (Doc. 8) Nelson candidly admits he did not raise any of these

8  issues before the Arizona Court of Appeals with the exception of claim (3)(C). (Doc. 8)

9  The respondents filed an answer on January 3, 2011. (Doc. 12) The respondents concede

10 the petition is timely but argue all of Nelson's claims are procedurally defaulted. *Id*. Nelson

11 filed a reply on January, 21, 2011. (Doc. 13)

12

13 Discussion

14 The writ of habeas corpus affords relief to prisoners "in custody in violation of the

15 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If the petitioner

16 is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior

17 adjudication of the claim:

18      (1) resulted in a decision that was contrary to, or involved an unreasonable
        application of, clearly established Federal law, as determined by the Supreme
19      Court of the United States; or

20      (2) resulted in a decision that was based on an unreasonable determination
        of the facts in light of the evidence presented in the State court proceeding.
21

22 28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court

23 considered the issues and made findings of fact.

24      In a proceeding instituted by an application for a writ of habeas corpus by a
        person in custody pursuant to the judgment of a State court, a determination of
25      a factual issue made by a State court shall be presumed to be correct. The
        applicant shall have the burden of rebutting the presumption of correctness by
26      clear and convincing evidence.

27 28 U.S.C.A. § 2254 (e)(1).

28

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of her case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied,* 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer,* 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor,* 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Discussion

The respondents argue all of Nelson's claims are procedurally defaulted. The court is in substantial agreement, but there are some issues that require separate analysis. The court will

analyze claims (1), (2), (3)(A), (3)(B), (3)(D), (5), and (6) together.  The court will then discusses claim (3)(C), and finally claim (4).

Claims (1), (2), (3)(A), (3)(B), (3)(D), (5), and (6) were not presented to the state court of appeals.  (Doc. 8)  Accordingly, they were not properly exhausted.  Nelson cannot return to state court and exhaust them now because he is precluded from raising these issues in a new Rule 32 petition.  Ariz.R.Crim.P. 32.2.  His claims are  procedurally defaulted.

In his petition, Nelson asserts he did not raise these claims below because his attorney told him they were not appealable issues.  (Doc. 8)  Unfortunately, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 486, 106 S.Ct. 2639, 2644 (1986).  Nelson has not established cause and prejudice for his default and does not raise the miscarriage of justice exception.  *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  These claims must be dismissed.

In claim (3)(C), Nelson argues the trial court improperly permitted an investigator from the county attorney's office to testify that she tried to find Nelson's son, but she was unsuccessful.  (Doc. 8, p. 8)  Nelson moved before trial to preclude the witness because the jury could infer that Nelson had hidden his son because the son's testimony would be damaging.  (Doc. 15, p. 13)  The trial court ruled that the investigator could testify for the purpose of showing the state was diligent in its trial preparation but not for the purpose of showing consciousness of guilt.  *Id*.  On direct appeal, Nelson argued that the trial court erred by allowing the investigator to testify in a way that "improperly suggested that the reason she could not locate him was due to intentional conduct on the part of Nelson's family and, by implication, Nelson himself."  (Doc. 12, Exhibit A, p. 12)  The court of appeals, however, found no evidence in the record that the witness "went beyond the court's ruling."  *Id*.

This issue was presented to the court of appeals, but it was not properly exhausted because Nelson did not explicitly alert the court that he was raising a federal constitutional claim.  (Doc. 15, Exhibit A, pp. 20-24, Exhibit C, pp. 10-12)  In his brief, Nelson argued the

trial court failed to properly apply the Arizona rules of evidence. *Id*. He did not suggest the trial court's ruling violated his rights under the Fifth and Fourteenth Amendments. *Id*. This issue was not properly exhausted, and it is now procedurally defaulted. (See above) Nelson does not argue cause and prejudice for the default or raise the miscarriage of justice exception. This claim must be dismissed.

In ground (4), Nelson argues the state improperly destroyed evidence that he hoped to use if he were granted a new trial. (Doc. 8, p. 9) Apparently, sometime in 2008, after the trial, the state destroyed Nelson's guns. *Id*. Some of these guns were introduced into evidence at his trial. *Id*. Nelson maintains that these guns, and particularly his shotgun, are important for impeachment purposes. *Id*. At trial, the victim testified that she heard Nelson "rack" his shotgun and point it at her. *Id*. His maintains his shotgun is a semi-automatic and cannot be "racked." *Id*. Nelson argues the state's destruction of this evidence violates his rights under the Fifth and Fourteenth Amendments. *Id*. This claim, however, is not cognizable in federal habeas corpus.

Where "the petitioner is in custody pursuant to the judgment of a state court," habeas corpus relief is not available unless the petitioner can establish a violation of "clearly established Federal Law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d) (emphasis added). The Supreme Court, however, has never held that destruction of evidence *after* trial violates the Constitution. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Ferguson v. Roper*, 400 F.3d 635, 638 (8th Cir. 2005), *cert. Denied*, 546 U.S. 1098 (2006). Accordingly, this claim is not cognizable. And even if it were, there is no due process violation here. A due process claim requires proof of prejudice, which Nelson cannot show because he has not been granted a new trial. *See U.S. v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991) ("In cases of constitutionally guaranteed access to evidence, wherein the Government loses potentially exculpatory evidence, the Supreme Court applies a two-pronged test of bad faith and prejudice.").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Second Amended Petition for Writ of Habeas Corpus.  (Doc. 8)  Claims (1), (2), (3), (5), and (6) are procedurally defaulted.  Claim (4) is not cognizable.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, the party's right to de novo review may be waived.  *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.


DATED this 12th day of April, 2011.


Glenda E. Edmonds
United States Magistrate Judge

- 8 -