**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mitchell Nelson, | ) |
| Plaintiff, | ) CV 10-378 TUC DCB |
| v. | ) |
| State of Arizona, et al., | ) |
| Defendants. | ) **ORDER** |

This matter was referred to Magistrate Judge Glenda E. Edmonds on November 22, 2010. LR Civ. 72.1(a). On April 12, 2011, Magistrate Judge Edmonds issued a Report and Recommendation. (R&R). She recommends denying the Second Amended Petition for Writ of Habeas Corpus because claims 1, 2, 3, 5 and 6 are procedurally defaulted and claim 4 is not cognizable. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Petitioner filed a Motion for Reconsideration (Doc. 17), Motion for Leave to Appeal (Doc. 18), and Motion to Hold in Abeyance (Doc. 21) for appointment of counsel. The Motion for Reconsideration contains Petitioner's objections. The Court considers the arguments made in the Motion for Reconsideration, the Second Amended Petition, and the parties' briefs considered by the Magistrate Judge, (docs. 12,13).

**REPORT AND RECOMMENDATION**

In the Second Amended Petition, the Petitioner claims the following: 1) he was convicted of a crime he did not commit; 2) the prosecutor elicited perjured testimony; 3) the trial judge exhibited prejudice towards the Petitioner; 4) evidence was destroyed during the pendency of the appeal; 5) his parole officer falsified the probation report, and 6) the judge read a prejudicial letter at sentencing.

The R&R sets out the law as it applies to claims for habeas relief made pursuant to 28 U.S.C. § 2254, including the doctrines of exhaustion and procedural default. Specifically, "A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" (R&R at 5 (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Claims 1, 2, 3A, 3B, 3D, 5, and 6 were not presented to the state court of appeals. Consequently, they were not exhausted and cannot be brought now before the state courts because they are time barred by Ariz. R. Crim.P.32.2. *Id.* at 6.

Claim 3(C) that the trial court erred by allowing the investigator to testify in a way that improperly suggested the defendant was responsible for impeding her ability to locate his son was raised in the state courts, but not raised as a federal constitutional claim. Consequently, claim 3(C) was not exhausted and is procedurally defaulted. *Id.*

Claim 4 that the state improperly destroyed evidence prior to the resolution of his appeal is not a constitutional claim for purposes of habeas review. The Supreme Court has never held that destruction of evidence after trial violates the Constitution, therefore, there is no allegation of a violation of "clearly established Federal law, as determined by the Supreme Court." *Id.* at 7 (citing *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007), *Ferguson v. Roper*, 400 F.3d 635, 638 (8th cir. 2005), *cert. denied*, 546 U.S. 1098 (2006). Additionally, Nelson cannot establish a due process violation related to the destroyed evidence. He cannot show prejudice because the appellate court did not grant him a new trial. *Id.* (citing *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991).

**OBJECTIONS**

In his Motion for Reconsideration the Petitioner argues that his due process rights under the Constitution were violated by the destruction of evidence and it is irrelevant whether or not he was granted a new trial. He argues that the Magistrate Judge failed to address every incident where the trial court allowed evidence of other bad acts and that the totality of these evidentiary errors violated his right to a fair trial. He asks the Court to appoint counsel for him because he has not had access to the law library and is a novice in the legal field.

Plaintiff also seeks appointment of counsel because he asserts he has been unable to represent himself here and will be unable to represent himself on appeal. There is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). The appointment of counsel in a civil case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986). The Plaintiff's lack of legal skill to address the merits of his claims is offset by the fact that disposition on the merits is procedurally barred, except as to claim 4 which fails to state a claim for habeas relief. Consequently both elements for assessing whether or not to appoint counsel cut against it.

**CONCLUSION**

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Second Amended Petition for Writ of Habeas Corpus. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Second Amended Petition.

1 **Accordingly,**

2 **IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 16) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration (Doc. 17) is treated as an Objection and shall be docketed accordingly.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 19) is DENIED.

**IT IS FURTHER ORDERED** that the Second Amended Petition (Doc. 8) is DENIED.

**IT IS FURTHER ORDERED** the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Appeal (Doc. 18) is DENIED.

**IT IS FURTHER ORDERED** that having examined the case for issuance of a Certificate of Appealability (COA), it is DENIED and leave to proceed *in forma pauperis* is DENIED because dismissal was justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.  As to claim 4, Petitioner failed to make a substantial showing of the denial of a constitutional right.

DATED this 26th day of May, 2011.

David C. Bury
United States District Judge